CHARLES B. MASSE and DONN R. BUNN, Lessees,
and JOHN M. WEBB, Assignee,
Plaintiffs

v.

JOSE CID, Landlord, Defendant

Civil No. 104 - 1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John

District Court Commissioner

August 12, 1958

Cox & BORNN (Edith L. Bornn of counsel), *for plaintiffs*
ALPHONSO A. CHRISTIAN, ESQ., *for defendant*

GEORGE A. MENA, *District Court Commissioner*

In accordance with reference dated June 17, 1958, by the Honorable Thomas J. Clary, Judge of the District Court, serving temporarily by assignment, a hearing was had before the Commissioner on June 24, 1958, on rule to show cause as to why a preliminary injunction should not issue pending final determination of the case.

Appearances were:

Cox & Bornn, Esquires (by Mrs. Edith L. Bornn, of counsel), attorneys for plaintiffs.

Alphonso A. Christian, Esquire, attorney for defendant.

Also appeared the defendant Jose Cid and Donn R. Bunn, the lessee.

Testimony under oath of Donn R. Bunn and Jose Cid was taken and argument had. Upon deliberation the Commissioner finds as follows:

It is clear to the Commissioner that there are legal questions for determination on the merits; that the Commissioner is not satisfied that the plaintiff, John M. Webb, has forfeited the lease. The Commissioner further finds and recommends that sufficient cause exists for the entering of a preliminary injunction, pending the hearing of the case on the merits, in order to preserve the status quo and to avoid possible irreparable damage to the plaintiffs, upon the following conditions:

1. That the defendant be enjoined from removing any of the equipment or personal property of the plaintiffs or any of them from the premises.

2. That the defendant be enjoined from entering into any lease agreement with any other person for the said premises, and be enjoined from permitting any person or persons other than the plaintiffs or their agents from entering the premises or from interfering with the enjoyment of the leasehold.

3. That the monthly rental of $100 be paid to the Clerk of the District Court pending the determination of this case, and that the cash security of $300 and the deposit of $200, made in accordance with the restraining order (section 5), be retained by the Clerk, pending final determination.